# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROY A. HARDING,**
**Claimant Below, Petitioner**

**vs.)   No. 16-1017**  (BOR Appeal No. 2051222)
(Claim No. 2014011768)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Roy A. Harding, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

The issue presented in the instant appeal is the amount of permanent impairment arising from Mr. Harding's compensable October 13, 2013, injury. On September 4, 2014, the claims administrator granted Mr. Harding a 4% permanent partial disability award. The Office of Judges affirmed the claims administrator's decision in its Order dated April 6, 2016. This appeal arises from the Board of Review's Final Order dated September 28, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harding injured his left shoulder on October 13, 2013, while maneuvering a large box containing a heavy piece of inventory during the course of his employment as a plumbing specialist with Lowe's Home Centers, Inc. On October 25, 2013, his claim for workers' compensation benefits was held compensable for a left shoulder sprain/strain. A left shoulder MRI performed on November 21, 2013, revealed a near full-thickness tear of the rotator cuff

1

tendon, joint effusion, mild impingement, and degenerative changes. A left rotator cuff tear was added as a compensable component of the claim on February 4, 2014. Mr. Harding's shoulder was surgically repaired by Steven Vess, D.O., who performed an open acromioplasty and diagnosed Mr. Harding with severe impingement of the left shoulder, adhesive capsulitis, and a rotator cuff tear.

Jerry Scott, M.D., performed an independent medical evaluation on July 15, 2014, and authored a report memorializing his findings on the same date. Dr. Scott determined that Mr. Harding sustained 8% whole person impairment as a result of range of motion abnormalities in the left shoulder. However, he apportioned 4% of the whole person impairment to pre-existing abnormalities and degenerative conditions revealed via diagnostic imaging. The claims administrator granted Mr. Harding a 4% permanent partial disability award based upon Dr. Scott's independent medical evaluation.

Robert Walker, M.D., performed an independent medical evaluation on June 5, 2015, and authored a report memorializing his findings on September 1, 2015. Dr. Walker determined that Mr. Harding sustained 14% whole person impairment as a result of the open acromioplasty performed by Dr. Vess and range of motion abnormalities in the left shoulder. Dr. Walker attributed the entirety of Mr. Harding's permanent impairment to the compensable injury.

The Office of Judges affirmed the claims administrator's decision granting a 4% permanent partial disability award in its Order dated April 6, 2016. The Board of Review affirmed the reasoning and conclusions of the Office of Judges. On appeal, Mr. Harding asserts, per the opinion of Dr. Walker, that he is entitled to a 14% permanent partial disability award as a result of the compensable October 13, 2013, injury.

At the outset, the Office of Judges looked to West Virginia Code § 23-4-9b (2003), which requires that pre-existing impairment be excluded when determining a claimant's whole person impairment resulting from a compensable injury. The Office of Judges then noted that Dr. Scott apportioned for pre-existing conditions, whereas Dr. Walker did not. The Office of Judges also found that the medical evidence of record establishes that Mr. Harding suffered from pre-existing left shoulder conditions. Specifically, the Office of Judges found that in 2011 and 2012, Wesley Olson, M.D., diagnosed Mr. Harding with arthritis of the left shoulder and probable impingement of the left shoulder. The Office of Judges also noted that the left shoulder MRI performed shortly after the injury revealed the presence of degenerative changes. The Office of Judges then determined that because the evidentiary record clearly demonstrates that Mr. Harding suffered from pre-existing conditions in the left shoulder, the provisions of West Virginia Code § 23-4-9b apply and impairment attributable to the pre-existing diagnoses should be excluded when calculating the amount of Mr. Harding's whole person impairment arising from the October 13, 2013, injury. Therefore, the Office of Judges concluded that Dr. Scott's findings are more reliable because he properly apportioned for Mr. Harding's known pre-existing diagnoses, whereas Dr. Walker did not. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker